FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ORANO FEDERAL SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BECHTEL NATIONAL INC., a Nevada corporation,<br><br>Defendant. | No. 4:17-cv-05182-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Before the Court, without oral argument, is Plaintiff Orano Federal Services LLC's Motion for Partial Judgment on the Pleadings, ECF No. 46. Plaintiff seeks judgment under Federal Rule of Civil Procedure 12(c) on Defendant Bechtel National, Inc.'s ("BNI") counterclaims against it and BNI's liability to Orano for termination-for-convenience damages *Id.* BNI opposes the motion. ECF No. 48. Having reviewed the pleadings, briefs, and the file in this matter, the Court is fully informed and partially grants the motion.

**I. BACKGROUND**

In 2000, BNI entered into Contract No. DE-AC27-01RV14136 (the "Prime

Contract") with the U.S. Department of Energy ("DOE") to design, construct, and commission the Hanford Waste Treatment and Immobilization Plant in Hanford, Washington. ECF No. 43 at 4.

In 2003, BNI executed Purchase Order Nos. 24590-QL-POA-MEVV-00001 ("MEVV-1") and 24590-QL-POA-MEVV-00002 ("MEVV-2") with Orano to perform segments of the work required by BNI's Prime Contract. *Id.* at 4–5. In order to complete its work under MEVV-1 and MEVV-2, Orano entered into several subcontracts with suppliers and directed them to perform the required work. *Id.* at 6.

However, disputes about the parties' respective obligations arose. On November 13, 2017, Orano filed suit against BNI for breach of contract and related claims. ECF No. 1. A day later, before it had been served with the complaint, BNI issued a notice of termination for convenience[1] for MEVV-2. ECF No. 43 at 17; *see*

---

[1] This termination was pursuant to the "**GC-14 TERMINATION FOR CONVENIENCE**" provision that provides:

> SELLER'S [Orano's] performance under this PURCHASE ORDER may be terminated by the BUYER [BNI] for its convenience in accordance with this clause in whole, or, from time to time in part whenever the BUYER shall elect . . . .
>
> If requested in writing, thirty (30) days after notice of termination, the BUYER will pay to SELLER as full compensation: (1) all amounts due and not previously paid to SELLER for PRODUCTS completed in accordance with this PURCHASE ORDER prior to such notice, and for work thereafter completed as specified in such notice; (2) a reasonable amount for any PRODUCTS then in production; provided that no such adjustment shall be made in favor of SELLER with respect to any PRODUCTS which are SELLER'S standard stock; (3) reasonable costs

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS **-** 2

*also* ECF No. 44 at 2, 28, 42. It terminated MEVV-2 and directed Orano to submit a termination for settlement proposal ("TSP")—request for payment—in accordance with GC-14 and Federal Acquisition Regulations.

On January 12, 2018, BNI counterclaimed breach of contract and breach of warranty. ECF No. 12. On February 26, 2018, BNI issued a notice of termination for convenience for MEVV-1. ECF No. 43 at 17; *see also* ECF No. 44 at 2, 28, 42. It terminated MEVV-1 and directed Orano to submit a TSP. Since then, the case was stayed while the parties engaged in discussions related to Orano's submitted TSPs. However, the parties were unable to reach an agreement on a sum, so they requested that the Court lift the stay. ECF No. 35. On February 11, 2019, the Court lifted the stay and on March 4, 2019, issued an amended scheduling order. ECF Nos. 36 & 40. On March 22, 2019, Orano filed an amended complaint asserting (1) breach of contract, (2) breach of contract arising from cardinal change, (3) restitution and

---

of settling and paying claims arising out of the canceled orders; and (4) a reasonable profit for costs incurred in the performance of the work terminated; provided, however, that if it appears that the SELLER would have sustained a loss on the entire PURCHASE ORDER had it been completed, no profit shall be included.

The total sum to be paid to SELLER under this clause, shall not exceed the total PURCHASE ORDER price as reduced by the amount of payments otherwise made and as further reduced by the PURCHASE ORDER price of work not terminated, and will not include any consideration for loss of anticipated profits on the terminated work, all claims for which SELLER agrees to waive.

ECF No. 43-1 at 20–21; ECF No. 43-2 at 17.

unjust enrichment, (4) quantum meruit, and (5) Miller Act Payment Bond or equitable lien or retention. ECF No. 34. The amended complaint encompassed an independent breach of contract claim based on BNI's refusal to pay an amount consistent with GC-14. On April 5, 2019, BNI answered and counterclaimed breach of contract and breach of warranty. On April 26, 2019, Orano answered BNI's counterclaims. This motion for partial judgment on the pleadings followed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." A district court should grant the Rule 12(c) motion when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In considering a Rule 12(c) motion, a court must accept as true all material allegations in the complaint and construe those allegations in the light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## III. GOVERNING LAW

Both parties agree that under the GC-17 Applicable Law provision in MEVV-1 and MEVV-2, substantive issues of law shall be determined "according to the Federal common law of Government contracts as stated and applied by Federal

judicial bodies and boards of contract appeals of the Federal Government." ECF No. 46 at 8; ECF No. 48 at 7. When there is no applicable federal government contract law, the laws of Washington state govern. ECF No. 46 at 8; ECF No. 48 at 7.

## IV. DISCUSSION

### A. BNI's breach-of-contract and breach-of-warranty counterclaims

Orano first moves for partial judgment on the pleadings for BNI's counterclaims against it. ECF No. 46. It argues that BNI's breach-of-contract and breach-of-warranty counterclaims are "foreclosed by its decision to terminate the subcontracts [MEVV-1 and MEVV-2] for convenience." *Id.* at 10. Because BNI elected to invoke the provisions of GC-14 termination for convenience instead of GC-15 termination for default[2], Orano argues that BNI is left to abide by the

---

[2] "**GC-15 TERMINATION FOR DEFAULT**" states:
> BUYER [BNI] may terminate the whole or any part of SELLER'S [Orano's] performance under this PURCHASE ORDER in any one of the following circumstances: (1) if SELLER fails to make delivery of the PRODUCTS or to perform within the time specified herein or any extension thereof; (2) if SELLER delivers nonconforming PRODUCTS; (3) if SELLER fails to provide adequate assurance of SELLER'S ability to meet the quality standards or the delivery date(s) of this PURCHASE ORDER; or (4) if SELLER fails to perform any of the other provisions of this PURCHASE ORDER in accordance with its terms or so fails to make progress as to endanger performance of this PURCHASE ORDER. In the event of any such failure, BUYER will provide SELLER with written notice of the nature of the failure and BUYER'S intention to terminate for default. In the event SELLER does not cure such failure within ten (10) days of such notice, BUYER may, by written notice, terminate this PURCHASE ORDER.

provisions of GC-14 and cannot then counterclaim that Orano defaulted, which falls under the provisions of GC-15. *Id.*

Orano notes that the termination provision invoked is dispositive because had BNI attempted to terminate MEVV-1 and MEVV-2 for default under GC-15 instead, BNI would have been required to "provide [Orano] with written notice of the nature of the failure and [its] intention to terminate for default." ECF No. 43-1 at 21. Orano would have then had an opportunity to cure the failure prior to actual termination. *Id.* Orano notes that by instead electing GC-14 termination for convenience, BNI

---

In the event BUYER terminates this PURCHASE ORDER in whole or in part as provided in this clause, BUYER may procure, upon such terms and in such manner as BUYER may deem appropriate, PRODUCTS similar to those so terminated and SELLER shall be liable to BUYER for any reasonable additional costs for such similar PRODUCTS; provided, that SELLER shall continue the performance of this PURCHASE ORDER to the extent not terminated under the provisions of this clause.

SELLER agrees to assist BUYER in the event that re-procurement action is necessary as a result of default, by co-operation in the transfer of information, in the disposition of work in progress or residual material, and in the performance of other reasonable requests made by BUYER.

If, after notice of termination of this PURCHASE ORDER, it is determined for any reason that SELLER was not in default under the provisions of this clause, or that the default was excusable under the provisions of this PURCHASE ORDER, the rights and obligations of the parties shall be the same as if the notice of termination had been issued pursuant to the Termination for Convenience clause.

ECF No. 43-1 at 21; ECF No. 43-2 at 17.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS **-** 6

foreclosed the opportunity for Orano to cure any alleged defects and must be left to provide compensation as set forth in that provision.

BNI opposes the motion. ECF No. 48. It does not dispute that it must provide compensation based on Orano's costs incurred and any reasonable profit as set forth in GC-14. *See* ECF No. 44 at 2. It nonetheless points to the fact that it relied on other provisions of the purchase order to plead its counterclaims and argues that Orano fails to identify any provision stating that termination for convenience supersedes the right to recover under other provisions. *Id.* at 19. Having reviewed the purchase orders, which were incorporated in the complaint by reference[3], as well as the briefs and pleadings, the Court is fully informed and grants Orano's motion for judgment on the pleadings on BNI's counterclaims.

Termination for convenience clauses are common in government contracts. *See CMS Mech. Servs., LLC v. PetSmart, Inc.*, No. CV-15-02040-PHX-NVW, 2018 WL 1586647, at *15 (D. Ariz. Mar. 31, 2018) ("'For convenience' clauses historically have been in contracts between the government and private contractors."). "Termination for convenience clauses allow the government to terminate a contract, in whole or in part, when to do so is in the government's interests." *Keeter Trading Co. v. United States*, 79 Fed. Cl. 243, 262 (2007). "A termination for convenience essentially converts a fixed price contract into a cost

---

[3] *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).

reimbursement contract." *Id.* (citing *Best Foam Fabricators, Inc. v. United States*, 38 Fed. Cl. 627, 638 (1997)). Thus, convenience damages are generally limited to costs incurred prior to termination, a reasonable profit on work performed, and certain additional costs associated with termination. *Id.*

There is no dispute that under the provisions of GC-14, BNI is obligated to pay Orano full compensation as outlined. Although GC-14 does not expressly supersede BNI's rights and remedies established in other provisions of the purchase orders, courts have held that as a matter of law, a contractor is not precluded from recovering the costs of producing even defective work following a termination for convenience. *See Best Foam Fabricators*, 38 Fed. Cl. at 640. In *Best Foam Fabricators*, the court noted that where a contract is terminated for convenience, "the contractor is entitled to recover its reasonable, allocable, and allowable costs incurred with respect to termination inventory *even if such inventory did not comply in all respects with specification requirements*." *Id.* (emphasis added). In other words, there may not be an "offset" based on alleged defaults by the contractor. Otherwise, the convenience termination would effectively be a default termination, which sets forth its own basis for damages. Common sense dictates the same result in fairness for the contractor, who is no longer able to cure or dispute any deficiencies or continue performance under the now-terminated contract.

Thus, Orano is correct that it is entitled to judgment as a matter of law on BNI's breach-of-contract and breach-of-warranty counterclaims, even while construing the allegations in BNI's favor. That is not to say that BNI is left without recourse. Orano's alleged defaults may be helpful in determining the damages owed under GC-14. By way of example, BNI counterclaims that Orano failed "to provide materials that are free from defects" and failed to "timely and properly correct deficient work" in conformance with MEVV-1. ECF No. 44 at 43. To the extent Orano's "alleged deficiencies stemmed from gross disregard" of its contractual obligations, "the costs of performing such grossly deficient work would be considered unreasonable and hence unallowable." *Best Foam Fabricators*, 38 Fed. Cl. at 640. In other words, GC-14, which allows recovery for reasonable costs only, may effectively take into account any grossly deficient work. *See* ECF No. 43-1 at 20–21. BNI may also certainly claim relevant defenses as needed.

For the foregoing reasons, the Court grants the motion as to BNI's counterclaims and grants judgment in Orano's favor.

**B.     BNI's liability to Orano for termination-for-convenience damages**

Orano next moves for partial judgment on the pleadings as to BNI's liability to Orano based on its termination for convenience. ECF No. 46. It acknowledges that the amount owed under GC-14 is in dispute but argues BNI's liability is subject to judgment on the pleadings. *Id.*

BNI's response in opposition misses the mark. It construes Orano's motion as requesting judgment on all of Orano's causes of action: (1) breach of contract, (2) breach of contract arising from cardinal change, (3) restitution and unjust enrichment, (4) quantum meruit, and (5) Miller Act Payment Bond or equitable lien or retention. *See generally* ECF No. 48. However, BNI's confusion is understandable, as such a requested judgment bears no relation to any of Orano's causes of action.

Orano replies that the judgment bears a connection to its first cause of action for breach of contract based on BNI's alleged failure to pay damages under the termination for convenience provision. ECF No. 50 at 3. However, a judgment that BNI is liable does not equate to a judgment that BNI breached its contract by failing to pay or failing to engage in good faith negotiations, as there is clearly a dispute on the amount owed. Orano never sought declaratory judgment on the fact of BNI's liability under GC-14, and BNI does not dispute the fact that it has a contractual obligation to pay damages under GC-14; thus, such a "judgment" would be advisory and illogical. Therefore, the Court denies the motion as to Orano's request for judgment on BNI's liability for termination-for-convenience damages.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Judgment on the Pleadings, **ECF No. 46**, is **GRANTED IN PART AND DENIED IN PART**.

**2.**     The Clerk's Office is **DIRECTED** to **ENTER JUDGMENT** that BNI's counterclaims against Orano are **DISMISSED WITH PREJUDICE**.

   **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

   **DATED** this 6th day of June 2019.

   _____
   SALVADOR MENDOZA, JR.
   United States District Judge